The Honorable Karen Nicolai Clerk of Circuit Court Hernando County 20 North Main Street Brooksville, Florida 34601-2800
Dear Ms. Nicolai:
You ask substantially the following question:
Must the clerk of court record a certificate of mailing and publisher's affidavit if property that is subject to a tax deed sale is not sold, but the tax certificate is redeemed prior to the sale or the property is placed on a list of lands available for taxes?
In sum:
The clerk of court is required to record a certificate of mailing and publisher's affidavit when an application for a tax deed has been made on property whether the property is ultimately sold to the highest bidder, redeemed prior to the sale, or placed on a list of lands available for taxes.
You state that it has been the procedure of your office to record a certificate of mailing and publisher's affidavit only if the property subject to a tax deed sale is sold, since the ultimate disposition of the application for a tax deed has not occurred if the tax deed sale does not take place. If the property is redeemed prior to the sale, these documents are placed in the tax deed file and are not recorded.
Section 197.502(1), Florida Statutes, allows the holder of a tax certificate to file an application for a tax deed with the tax collector of the county where the lands described in the certificate are located. At the time of application, the certificateholder must pay all amounts required for redemption or purchase of all other outstanding tax certificates, plus interest, any omitted taxes, plus interest, any delinquent taxes, plus interest, and current taxes, if due, covering the land.[1] The tax collector must deliver to the clerk of the circuit court a statement that payment has been made for all outstanding certificates and specifying persons to be notified prior to the sale of the property.[2]
The clerk of circuit court is required to advertise and administer the sale and receive such fees for issuance of the deed and sale of the property as provided in section 28.24, Florida Statutes.[3]
Once the application and the appropriate fees have been received by the clerk, section 197.512(1), Florida Statutes, directs the clerk to publish a notice once each week for four consecutive weeks at weekly intervals in a newspaper selected as provided in section 197.402, Florida Statutes.[4] Proof of the publication must be filed by the clerk of the circuit court in the clerk's office on or before the date proposed for the sale.[5] Should there be no newspaper, the clerk shall execute and file in his or her office a certificate of posting of the notices, stating where and on what dates the notices were posted.[6]
Section 197.542(1), Florida Statutes, dictates that the lands advertised for sale to the highest bidder as a result of an application for a tax deed must be sold at public auction by the clerk of court on the date, at the time, and at the location described in the published notice. The amount required to redeem the tax certificate, plus charges for the sale, costs for the redemption of other certificates, interest, and costs incurred for service of notice are considered the bid of the certificateholder for the property. In instances where the property is homestead, the bid is increased to include one-half of the assessed value of the homestead property. If there are no higher bids, the property is struck off and sold to the certificateholder; otherwise, the property is sold to the highest bidder.
If there are no bidders at the public sale, the clerk of court enters the land on a list entitled "lands available for taxes" and immediately notifies the county commission and all other persons holding certificates against the land that it is available. The county may, at any time within ninety days of the offering for public sale, purchase the property for the opening bid. After ninety days, any person or governmental unit may purchase the property without further notice.[7] Should there be no purchaser seven years from the date the land was offered for public sale, the land escheats to the county in which it is located, all tax certificates and liens against the property are canceled, and the clerk executes a tax deed vesting title in the board of county commissioners of the county in which it is located.[8]
Section 197.512(3), Florida Statutes, provides:
"Upon ultimate disposition of the application for a tax deed, the clerk shall enter his or her certificate of notice and his or her certificate of advertising in the public records of the county with such other relevant documents as may be required by the department."
The Department of Revenue, in implementing this section, has promulgated a rule stating:
"The clerk of the circuit court shall record his or her certificate of notice together with the affidavit of publisher (proof of publication) in the official records of the county. For the recording of the certificate of notice and affidavit of publisher the clerk shall receive such fees for recordation as specified in Chapter 28, Florida Statutes."[9]
The department also requires the clerk to prepare a certificate containing the names and addresses of those persons notified by mail and the date of the mailing and to attach such certificate to the affidavit of publisher.[10] The department does not condition these requirements on the "ultimate disposition" of the application for a tax deed, such that it could be concluded that the tax deed must be issued before the specified documents must be filed in the public record. As the administrative agency charged with implementation of the statute, the department's interpretation is entitled to great deference.[11]
Thus, the directive in section 197.512, Florida Statutes, to file the certificate of notice and affidavit of publisher in the public records applies regardless of whether the property is purchased, the tax certificate is redeemed prior to the sale, or the property is placed on the list of lands available for taxes.
Accordingly, section 197.512, Florida Statutes, directs the clerk of court to record the certificate of notice and affidavit of publisher relating to property subject to a tax deed sale even though the tax certificate may be redeemed prior to the sale or the property is not sold at public auction and is placed on the list of lands available for taxes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 197.502(2), Fla. Stat.
[2] Section 197.502(4), Fla. Stat., enumerates the following individuals: any legal titleholder of record; any lienholder of record; any mortgagee of record; any vendee of a recorded contract for deed or a vendee who has applied to receive notice pursuant to section 197.344(1)(c), Florida Statutes; any other lienholder who has applied to the tax collector to receive notice; any person to whom the property was assessed on the tax roll for the year in which the property was last assessed; any lienholder of record who has a recorded lien against a mobile home located on the property.
[3] Section 197.502(5), Fla. Stat. Section 28.24, Fla. Stat., prescribes charges for services rendered by the clerk's office in the performance of specified duties; e.g., s. 28.24(26), Fla. Stat., states: "For processing an application for a tax deed sale (includes application, sale, issuance, and preparation of tax deed, and disbursement of proceeds of sale), other than excess proceeds . . .60.00[.]"
[4] Section 197.402(1), Fla. Stat., provides:
"Whenever legal advertisements are required, the board of county commissioners shall select the newspaper as provided in chapter 50. The office of the tax collector shall pay all newspaper charges, and the proportionate cost of the advertisements shall be added to the delinquent taxes when they are collected."
[5] Section 197.512(2), Fla. Stat.
[6] Id.
[7] Section 197.502(7), Fla. Stat.
[8] Section 197.502(8), Fla. Stat.
[9] Rule 12D-13.062(5), F.A.C.
[10] Rule 12D-13.062(4), F.A.C.
[11] See, AmeriSteel Corporation v. Clark, 691 So.2d 473
(1997).